In re FRANKLIN SYNDICATE et al.

(District Court, E. D. New York. March 1, 1900.)

BANKRUPTCY—EXAMINATION OF BANKRUPT—NOTICE TO CREDITORS.

A person duly adjudged bankrupt on an involuntary petition may be ordered before the referee for examination, before the first meeting of his creditors and the appointment of a trustee; and, if the examination is limited to obtaining information on which to prepare the schedules, it is not essential to the validity of the proceeding that 10 days' notice thereof by mail should have been given to creditors, as provided in Bankr. Act 1898, § 58a, subd. 1.

In Bankruptcy.

The Franklin Syndicate, Incorporated, and William F. Miller having been adjudged bankrupt, and a receiver appointed by the court to take charge of their property pending the first meeting of their creditors and the selection and qualification of a trustee, one of the creditors presented a petition for the examination of the bankrupts; whereupon the following order was made by the court:

THOMAS, District Judge. Upon reading and filing the annexed petition of Bernard O'Kane, a creditor of the aforesaid bankrupts, the proof of claim hereto annexed, and on all the papers and proceedings herein, and on motion of Belfer & Flash, his attorneys, it is ordered that the examination of the bankrupts, and of all material and necessary witnesses herein, and the taking of their testimony, as prayed for in the petition, be, and the same hereby is, referred to Augustus J. Koehler, Esq., the referee in bankruptcy herein, to take proof under the acts of congress relating to bankruptcy,. and that said examination be directed to the facts and circumstances concerning the acts, conduct, and property of said bankrupts; also concerning the cause of bankruptcy, the conducting of the bankrupts' business, the disposition of the bankrupts' property, and the bankrupts' dealings with creditors; and let subpœnas issue directing the bankrupts, and all other persons whose testimony may be material and necessary herein, to submit to examination before the aforesaid referee, pursuant to the rules and practice of this court, and for such other and further relief as may be just herein.

Thereafter, in pursuance of the above order, the bankrupt William F. Miller was brought before the referee for examination, and, after counsel for the receiver had been allowed to intervene in the proceeding, counsel for the bankrupt interposed an objection to any proceeding being had or taken under the order of court. This objection was based upon the ground that there was no proof that the creditor who sought the examination had procured the allowance of his claim in bankruptcy; that, if such claim had been allowed, its allowance was illegal, and not in pursuance of the bankruptcy law; that such claim could not be allowed until a first meeting of creditors was held; that the bankrupt had a right to object to the claim, and contest its validity, before it could be allowed, of which right he could not be foreclosed; that there could be no examination of the bankrupt until there had been a first meeting of creditors; that, under section 58 of the bankruptcy law, there could be no examination of the bankrupt without notice to all the creditors of at least 10 days; that none of the requirements provided for by the bankruptcy law and the rules had been complied with; and that the order directing the examination of the bankrupt was wholly void, and without power, and that the

referee had no jurisdiction to proceed to examine the bankrupt. The referee overruled the objection to the validity of the order, on the ground that he had no power or jurisdiction to modify, set aside, or vacate an order made by the judge of the court. Counsel for the bankrupt, and counsel representing various parties in interest, then moved for a continuance of the proceedings until a meeting of creditors should have been held, and renewed their objection to the examination of the bankrupt on the ground that the statutory notice to creditors had not been given. The referee reserved his decision on this question, and adjourned the proceedings to a future day. Exceptions to the ruling of the referee having been noted, he certified the record of the proceedings to the court for review, together with his decision on the question reserved, wherein he said:

"An objection of a nature which warrants due consideration is made by the attorney for the bankrupt, and by Mr. Goldsmith, of counsel for certain creditors, and the receiver, and other attorneys, representing different creditors, 'that no examination can be had, for the reason that the notice required by Bankr. Act, § 58a, subd. 1, was not given.' I do not deem the objections so made by the attorney for the bankrupt, as to the failure of such notice required by section 58a, subd. 1, to be available to him; but as this objection also emanates from Mr. Goldsmith, representing a large number of creditors, as well as representing the petitioning creditors on the application to have said Miller adjudicated a bankrupt, and also Mr. Burr, and other attorneys representing different creditors, as well as by the receiver, and affects the statutory rights of all the creditors in this proceeding, it seems to me that this objection should be considered, in view of the rights and privileges of all the creditors concerned and interested in the bankrupt's estate and property. It is my opinion, upon a careful examination of all the proceedings before me, and of the petition and order of February 16, 1900, which directs me to 'take proof under the acts of congress relating to bankruptcy, pursuant to the rules and practice of this court,' that this objection to the examination of the bankrupt, for failure to give the notice required by section 58a, subd. 1, should be sustained, and that, before proceeding with such examination, at least 10 days' notice be given by mail to the creditors herein."

T. E. Hodgkin, for receiver.

Belfer & Flash (Francis A. McCluskey, of counsel), for petitioning creditor.

Ralph Underhill, Frank R. Dickey, Meyers, Goldsmith & Bronner, and William P. Burr, for various creditors.

Robert A. Ammon and House, Grossman & Vorhaus (Louis J. Vorhaus, of counsel), for bankrupt.

THOMAS, District Judge. The order for the examination of William F. Miller will be amended so as to authorize and to limit the examination solely for the purpose of preparing the schedules, and the examination will proceed without notice to creditors.